DETROIT BAR ASS'N *v*. AMERICAN LIFE INSURANCE CO.

1. Discovery—Production of Private Papers—Witnesses.
   Power of court to compel production of private papers may only be exercised where person has books containing evidence material to issue before court, and where necessity for their production, and reasonableness of such action, is shown.

2. Same—Unreasonable Search—Constitutional Law—Judicial Question.
   Whether demand to produce private papers so exceeds limits of proper investigation as to amount to unreasonable search is always judicial question.

3. SAME—MANDAMUS—ABUSE OF DISCRETION.

Unless appellant's rights have been invaded, or unless abuse of discretion on part of trial court is shown, appellate court should not interfere with trial court's order requiring appellant to produce private papers.

4. MANDAMUS—NOT WRIT OF RIGHT.

Issuance of writ of mandamus is not matter of right but rather one of grace, and in absence of showing indicating reasonable necessity therefor, it should not be issued.

5. SAME—DISCOVERY—PRODUCTION OF PRIVATE PAPERS—UNREASONABLE SEARCH.

Mandamus compelling trial court to revoke order requiring insurance company charged with illegally engaging in practice of law to produce its books and other private papers is denied by Supreme Court, although said order may be too broad and too indefinite, where no reasonable effort to comply therewith has been made, and, in view of pleadings in case, there can be little uncertainty as to type or character of records sought to be produced.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 20, 1933. (Calendar No. 37,300.) Decided October 2, 1933.

Bill by Detroit Bar Association and others against American Life Insurance Company, a Michigan corporation, to enjoin the alleged illegal practice of law. From order denying motion to recall and quash *subpœna duces tecum,* defendant appeals (in the nature of mandamus). Writ denied.

*George E. Brand* and *Ben O. Shepherd,* for plaintiffs.

*George E. Leonard* and *Harry F. Johnson* (*Fred H. Aldrich* and *Wilber M. Brucker,* of counsel), for defendant.

NORTH, J. Plaintiff association alleges in its bill of complaint that the defendant is illegally engaged

in the practice of law in the State of Michigan; and asserts incident thereto the defendant has caused advertisements to be printed, has sent written communications to its Michigan policyholders, and has represented to them and other residents of Detroit to whom defendant sought to sell insurance that it would render to them certain specified services which plaintiff alleges constitute the practice of law notwithstanding defendant is not legally licensed to practice law in this State. Plaintiff seeks to have defendant enjoined from continuing such practice. After the suit was at issue plaintiff caused to be served upon the president, vice-president, and executive vice-president of the defendant company a *subpœna duces tecum* requiring each of them to appear before the court to testify in the cause and to bring books, records, files, correspondence, and various other papers and memoranda of the defendant company. The portion of the *subpœna duces tecum* specifying the items to be produced is printed in the margin hereof.[1] Upon being served with the sub-

[1] "1. All books, records, files, correspondence, papers, and memoranda (including copies of all thereof) of the American Life Insurance Company showing and/or relating to wills, insurance trust, and other trust agreements, partnership agreements, stock elimination agreements, legal documents (other than insurance policies) and •estates analyses, so-called, prepared and/or drafted for and/or suggested to policyholders of said company and/or prospects contacted by said company, its agents, employees, officers, attorneys, or representatives.

"2. All records of insurance issued and/or placed by said company, its agents, employees, officers, attorneys, or representatives in connection with any plan involving the preparation of any will, insurance trust, other trust agreement, partnership agreement, stock elimination agreement, or other legal document (other than insurance policies) referred to in division (a) supra.

"3. All letters to said company from persons seeking, or inquiring about, or availing of, the so-called estates analyses and/or estates department service offered by said company and copies of all letters written by said company to such persons.

"4. All records of said company showing the names and addresses of all agents, solicitors, and representatives of said company and the

pœna, defendant filed a motion asking the court that it be recalled, canceled, and quashed. Specific objections were made to the subpœna, among which were the following: That the court had no jurisdiction to issue it in its present form, that to enforce it would violate the constitutional rights of defendant, would compel the defendant to incur great, unnecessary, and unreasonable expense, expose its records to danger of loss and injury incident to being brought into court, that confidential matters would be exposed, and that use of the items demanded as evidence against defendant would be illegal, unjust, and oppressive. After hearing the respective parties, the trial court denied defendant's motion. Permission being granted, it has brought this appeal in the nature of mandamus to compel the circuit judge to grant the relief sought in defendant's motion.

"The power of a court to compel the production of private papers can only be exercised where a

period of their employment by said company during 1931, 1932, and 1933.

"5. All correspondence between said company and its agents, solicitors, and representatives relating to the documents and instruments referred to in division 1 hereof.

"6. Letter from Edward A. Kemp, secretary of the Detroit Bar Association, to Clarence L. Ayres, president of said company, dated August 4, 1932.

"7. All records of said company showing the period the advertisement (Exhibit 1 to the bill of complaint herein) was run and period the blotter (Exhibit 2 to said bill of complaint) was distributed by said company.

"8. All minutes of all meetings of the officers and directors of said company during 1930, 1931, 1932, and 1933.

"9. All reports of the Estates Department and Estates Analyses Department during the years 1930, 1931, 1932, and 1933.

"10. All reports of the agents, employees, officers, attorneys, and representatives of said company during 1930, 1931, 1932, and 1933, relating to the instruments and documents referred to in division (1) hereof and to the insurance referred to in division (2) hereof.

"11. All records and copies of letters and papers of said company containing recommendations by or in behalf of said company to policyholders of said company or insurance prospects."

person has books containing evidence material to the issue before the court, and where the necessity for their production, and the reasonableness of such action, is shown; and, until this foundation is laid, until their relevancy or character is specified, an order for their production in a case is a violation of the constitutional protection of the one compelled to produce them. An order limiting the examination of a party's books to pertinent matters does not infringe the guaranty.   *   *   *

"The question of whether the demand so exceeds the limits of proper investigation as to amount to unreasonable search is always a judicial one." 56 C. J. p. 1170.

See, also, 28 R. C. L. p. 420.

Primarily this is a matter which has to do with the administration or conduct of the affairs of the trial court. Unless appellant's rights have been invaded, or unless an abuse of discretion on the part of the trial court is shown, the appellate court should not interfere. The right of mandamus sought by appellant is not a matter of right but rather one of grace. *Lapham* v. *Wayne Circuit Judge,* 243 Mich. 154; *Burgess* v. *Jackson Circuit Judge,* 249 Mich. 558. In the absence of a showing indicating a reasonable necessity therefor, it should not be issued. While we think it clearly appears that this *subpœna duces tecum* is too broad in its scope and altogether too indefinite in its demands, it would be ill-advised for this court to interfere with the conduct of proceedings in a trial court until defendant has made a reasonable effort to comply with the subpœna served upon it. It is only fair to presume that notwithstanding the trial court declined to quash the subpœna nonetheless no more than a reasonably fair effort to comply with its demands will be required. In view of the pleadings in the case,

there can be little, if any, uncertainty as to the type or character of defendant's records which plaintiffs are demanding it produce. If a reasonable effort is made by defendant to comply with the subpœna, it is altogether probable that notwithstanding such effort in the first instance does not fully comply with the demands of the opposite party or satisfy the court as being a compliance with its process, further opportunity for compliance will be granted without penalty. Viewed in this light, we think there is no occasion for issuing the writ. It is therefore denied, but without costs to either party.

McDONALD, C. J., and POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.