DAVE'S PLACE, INC., *v.* LIQUOR CONTROL COMM.

INTOXICATING LIQUORS — STATUTES — VENDORS — CORPORATIONS — CITIZENSHIP OF STOCKHOLDERS.

> Statute, requiring that vendor under liquor control act when a corporation, be admitted to do business within this State, but that when a partnership, a majority of the members be citizens and when an individual, he be a citizen *held*, not to justify refusal of vendor licenses by liquor control commission to corporation because 50 per cent. of stockholders owning 25 per cent. of its stock are not citizens (Const. 1908, art. 16, § 11; Act No. 8, § 23, Pub. Acts 1933 [Ex. Sess.]).

NORTH, C. J., and BUTZEL and TOY, JJ., dissenting.

Petition by Dave's Place, Incorporated, a Michigan corporation, for a writ of mandamus com-

pelling the Liquor Control Commission of the State of Michigan to issue two vendor licenses. Submitted June 9, 1936. (Calendar No. 38,995.) Writ granted November 9, 1936.

*Jos. B. Beckenstein,* for petitioner.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for respondent.

BUSHNELL, J. Plaintiff prays that a peremptory writ of mandamus be granted directing and commanding defendant to issue two liquor licenses.

During 1935, and prior thereto, Bella Kranen of Bay City was licensed as a "specially designated merchant" to sell beer and wine at 1701 East Davison avenue. She also was given a license to conduct a "tavern" at 13410 Riopelle street. Both premises are under the same roof in a corner building, but the two businesses were conducted separately by the licensee's sister and brother-in-law, Bessie and David Hecht.

These parties with Max Feldman formed the plaintiff corporation in 1936, entered into a lease with Bella Kranen and applied for the same licenses. The police department of Detroit recommended that the applications be denied, giving as its reason:

"The applicant, Bella Kranen, who lives at 1411 Eleventh Street, Bay City, Michigan, had this license in place of her sister, who is not a citizen. It is operated by Mr. David and Bessie Hecht, who also own the building and neither are citizens. The licensee, Bella Kranen is a sister to Bessie Hecht."

Upon receipt of this report, respondent refused to accept applications for 1936 licenses from the cor-

poration because of the disapproval of the Detroit police department.

The circuit court's findings of facts show:

"The defendant, liquor control commission, has refused and does still refuse to accept the application for or to issue licenses to the plaintiff corporation for the sole reason that two of plaintiff's four stockholders, holding 25 per cent. of the stock, are not citizens of the United States and because the executives of said liquor control commission believe such refusal to be in accord with 'the spirit of section 23' of the liquor control act (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended). No violations of the law or of the rules and regulations of the commission have been brought to the attention of the commission, and the two licensed premises involved have, according to the police, been conducted in an orderly and peaceable manner.

" * * * The plaintiff corporation was organized in good faith and without fraud and for the purpose of carrying on the proposed business in accordance with law, and not as a subterfuge or screen for evading the laws of the State."

The answer to the order to show cause admits "that the discretion vested in the commission in regard to issuing licenses must be sound and exercised in a reasonable manner" but denies that it acted "arbitrarily or unreasonably in rejecting the said licenses."

Respondent argues that the constitutional provision "the legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof," Const. 1908, art. 16, § 11, "means that the liquor control commission when created, has absolute and arbitrary control over such traffic with-

in this State, including the issuance of licenses to retail such alcoholic beverages.''

The liquor control act, Act No. 8, § 23, Pub. Acts 1933 (Ex. Sess.), provides that:

''Vendors shall be, when a corporation, only a corporation authorized to do business under the laws of the State of Michigan; when a firm or partnership, only when the majority of said firm or partnership are American citizens who have resided in the State of Michigan for one year, and when an individual, an American citizen residing in the State of Michigan for at least one year.''

In the absence of any other reason and in the light of the findings of the circuit judge, we are forced to conclude that the commission has attempted to amend the act by construction to read ''a corporation, etc., all of whose stockholders shall be American citizens.''

It is also argued that since ''the discretion to be exercised by the board under this statute in acting upon the application here made means the power or right to act officially according to what appears to it to be just and proper under the circumstances, and action so taken by it is not subject to review by a court,'' *Scott* v. *Township Board of Arcadia Township,* 268 Mich. 170, 174, the commission need not assign any reasons for denying licenses and therefore the giving of reasons in the instant case was superfluous, is not binding and may be ignored.

The reasoning of *Scott* v. *Township Board of Arcadia Township, supra,* is not controlling when the commission clearly indicates that its action is arbitrary, capricious and in plain conflict with the express language of the statute. Under such circumstances, we are confronted with the general rule as admitted in respondent's answer.

The commission has planted itself squarely upon an erroneous construction of the quoted section of the liquor control act. The "complete control" granted by constitutional amendment is "subject to statutory limitations."

"It is a general principle of interpretation that the mention of one thing implies the exclusion of another thing; *expressio unius est exclusio alterius*." 25 R. C. L. p. 981.

See, *Taylor* v. *Michigan Public Utilities Commission*, 217 Mich. 400.

The statute says:

"Vendors shall be, when a corporation, only a corporation authorized to do business under the laws of the State of Michigan."

The limitations of citizenship contained in the same section are applied only to individuals or partnerships and not to the stockholders of domestic corporations.

Under the facts presented the licenses should have been issued. The petition for the writ of mandamus is granted with costs.

FEAD and SHARPE, JJ., concurred with BUSHNELL, J.

WIEST, J. (*concurring*). I cannot, in order to sustain the action of the commission, ignore knowledge of the distinction, in point of law, between "a corporation authorized to do business under the laws of the state of Michigan," and "a firm or partnership."

One is a legal entity; the other wholly individualistic.

The terms of the statute are plain in recognition of such distinction, and we may not legislate otherwise.

NORTH, C. J. (*dissenting*). Plaintiff corporation seeks a peremptory writ of mandamus to compel the liquor control commission of this State to issue to plaintiff two beer licenses.

I think the writ should be denied for the following reasons:

The Constitution of this State invested the legislature with power to establish a liquor control commission, "who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State." The liquor control act (Act No. 8, Pub. Acts 1933 [Ex. Sess.]) contains the following provisions:

"SEC. 17. The commission is hereby authorized to issue licenses *in its discretion,* as provided in this act. * * *

"SEC. 23. Vendors. Vendors shall be, when a corporation, only a corporation authorized to do business under the laws of the State of Michigan; when a firm or partnership, only when the majority of said firm or partnership are American citizens who have resided in the State of Michigan for one year, and when an individual, an American citizen residing in the State of Michigan for at least one year."

Plaintiff corporation, organized in February, 1936, has four stockholders two of whom are American citizens and appear to own jointly 75 per cent. of the corporate stock; the other two are not American citizens and appear to own jointly 25 per cent. of the stock. Its petition is for licenses to continue to conduct for the year 1936 the same business carried on by three of these four people in the same location in the city of Detroit during the previous license year. The three who conducted the business during the previous year were Mrs. Bella Kranen, a naturalized citizen, David Hecht and his wife

Bessie Hecht, neither of whom is a citizen. Mrs. Hecht owns the building in Detroit in which the business has been and is proposed to be conducted. Mrs. Bella Kranen, sister of Mrs. Hecht, is a married woman with four children who during all the period in question has lived in Bay City, Michigan. For the year 1935 the license for this Detroit place of business was obtained by Mrs. Kranen and in this method Mr. and Mrs. Hecht, who because of lack of citizenship were ineligible to secure a license, succeeded in operating the business in Detroit during the last past license year. When applying for the 1935 license Mrs. Kranen gave her street address as 1701 East Davison street, Detroit, Michigan. It is now admitted she lived in Bay City. That in obtaining the 1935 license these three people perpetrated a fraud and deceit upon the liquor commission appears from this record in a manner too plain to be questioned. It also appears that it was contrary to the rules and regulations of the liquor control commission for Mr. and Mrs. Hecht to carry on business in Detroit under a license issued to Mrs. Kranen who lived in Bay City. Incident to plaintiff's application for a 1936 license, made by Mrs. Kranen, an investigation was made and it disclosed the facts above noted in regard to her having secured a license during the previous year under which her sister and her sister's husband, who were not citizens, carried on the business in property owned by Mrs. Hecht in the city of Detroit. On this ground it was recommended by the Detroit police department that the application for the 1936 license be denied. In the return of the liquor commission in this proceeding the following appears:

"It is denied that the action of the liquor commission was improper and in violation of the liquor con-

trol act, and it is also admitted that the discretion vested in the commission in regard to issuing licenses must be sound and exercised in a reasonable manner; however, it is denied that either expressly or impliedly the liquor control commission did act arbitrarily and unreasonably in rejecting said licenses in this manner.''

The statute hereinbefore quoted provides that the commission may issue licenses ''in its discretion.'' There is no provision in the statute specifically applicable to the granting or denying of a vendor's license to a corporation a part of whose stockholders are not citizens. But the policy of this State touching such a situation rather clearly appears from the statutory provision that a license shall not be granted to a firm or partnership except ''the majority of said firm or partnership are American citizens who have resided in the State of Michigan for one year.'' This record presents a petitioner half of whose stockholders are not American citizens, and these non-citizen stockholders propose actively to carry on the business in property owned by one of them in Detroit; and these two Detroit stockholders are the same persons who in conjunction with Mrs. Kranen of Bay City succeeded during the last past license year in perpetrating upon the commission what unquestionably was a fraud and deceit in securing the license under which Mr. and Mrs. Hecht operated. Under such circumstances I cannot agree that the liquor control commission abused its discretion in denying the corporate petitioner, composed of these same persons and one other, a license to operate again during the current license year.

The liquor control commission by constitutional provision is empowered to ''exercise complete control of the alcoholic beverage traffic,'' subject only

to statutory limitations. The liquor control act expressly provides:

"Except as by this act otherwise provided, the commission shall have the sole right, power and duty to control the alcoholic beverage traffic and traffic in other alcoholic liquor within the State of Michigan, including the manufacture, importation, possession, transportation and sale thereof." Act No. 8, § 1, Pub. Acts 1933 (Ex. Sess.).

The only pertinent statutory limitation is that a license cannot be granted to a corporation unless it is "authorized to do business under the laws of the State of Michigan." The rule or test of *"expressio unius est exclusio alterius"* has no application to the statutory provision under consideration. The legislature has not said that the commission must grant a license to every qualified corporation which applies to be licensed as a vendor. The fact that a license may be granted to one qualified corporation and denied to another is not necessarily an abuse of discretion on the part of the liquor control commission. In this case the return of the commission denies that it acted "arbitrarily and unreasonably in rejecting the said licenses." The record before us contains no testimony which meets or tends to overcome this denial of arbitrary or unreasonable conduct in the refusal of petitioner's application. The circuit judge to whom this matter was referred for taking testimony did not find as a fact that the members of the commission acted arbitrarily or unreasonably. Instead it was determined as a fact that the commission refused to issue the licenses to the petitioning corporation for the sole reason that two stockholders having 25 per cent. of its stock were not American citizens. But it also conclusively appears, as noted above, that these two stock-

holders are the actual parties in interest and have the actual control of the business, and that they are the same parties who conducted this same business the previous year in violation of the commission's regulations. Such a record does not justify interference by this court, which should not undertake to substitute its judgment for that of the liquor control commission in granting or denying licenses to engage in the liquor traffic. This is the clear purport of our holding in *Scott* v. *Township Board of Arcadia Township*, 268 Mich. 170.

As bearing upon the propriety of this court's intermeddling in the control and regulation of the liquor traffic it should be borne in mind that the writ of mandamus is not one of right but rather one of grace. *Detroit Bar Ass'n* v. *American Life Ins. Co.*, 264 Mich. 495; *Simonton* v. *City of Pontiac*, 268 Mich. 11. Its issuance should not be directed unless there is a clear legal duty which the defendant should perform and a clear legal right in the plaintiff to the discharge of that duty. *Toan* v. *McGinn*, 271 Mich. 28. The petitioner in this proceeding is not asserting a legal right. Instead the liquor control act provides:

"The commission is hereby authorized to issue licenses *in its discretion.*" Act No. 8, § 17, Pub. Acts 1933 (Ex. Sess.).

A liquor license, even if granted, does not bestow upon the holder contractual or vested rights. *Johnson* v. *Liquor Control Commission*, 266 Mich. 682. Surely under the record in the instant case it would be going too far for this court to issue its peremptory writ to the liquor control commission requiring it to grant the licenses which petitioner seeks. Notwithstanding the finding of the circuit judge that the sole ground of refusal to grant the licenses was

that two of the four stockholders in the petitioning corporation were not American citizens; still there may be, and I think it clearly appears there are, other and sufficient reasons which amply justify the commission in denying the application. This court has often affirmed a decision under review in spite of the fact a wrong or inadequate reason was given by the trial tribunal as the basis of a correct result. For the reasons indicated the writ of mandamus should be denied.

At most the action of this court should go no further than to determine that the ground upon which the commission acted was insufficient, and for that reason remand the proceeding to the commission for further consideration and the granting or denying of the licenses as may be justified by the facts and circumstances made apparent to the commission. In either event petitioner's present application for writ of mandamus should be denied, with costs.

BUTZEL and TOY, JJ., concurred with NORTH, C. J. POTTER, J., did not sit.