## DRAIN *v.* CITY OF SAGINAW

MOTIONS—SUMMARY JUDGMENT—STATUTES—CONSTITUTIONALITY.
   Summary judgment for defendant city which is founded on a
   section of a statute held unconstitutional after the motion for
   summary judgment was granted must be reversed and remand-
   ed for further proceedings where the pleadings raise issues
   of fact (MCLA § 691.1407).

Appeal from Saginaw, Fred J. Borchard, J.   Sub-
mitted Division 3 February 6, 1970, at Grand Rapids.
(Docket No. 7,325.)   Decided February 24, 1970.

Complaint by Jessie Drain against the City of
Saginaw for damages resulting from a gunshot
wound inflicted by law enforcement officers.   Sum-
mary judgment for defendant.   Plaintiff appeals.
Reversed and remanded.

*Gilbert, Eaton & Leak,* for plaintiff.

*Egloff, Mainolfi, Taylor, McGraw & Collison (J.
Michael Fordney,* of counsel), for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,*
JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading § 340 *et seq.*

PER CURIAM. Plaintiff alleged in his complaint the following: during the evening of July 25, 1967, the defendant city of Saginaw, Michigan, was in the midst of what is euphemistically termed a civil disturbance; the disturbance was of such magnitude that the city requested assistance from the state police and armed auxiliary police in order to return calm; that same evening, plaintiff was sitting on the porch of a residence in Saginaw and doing nothing more than sitting on that porch; while there on the porch, plaintiff was shot in the head by one of the many law enforcement officers in the area and as a result of this injury, plaintiff suffered severe and permanent injuries and paralysis.

Plaintiff further alleged that he was shot through the negligence, gross negligence or wanton and willful misconduct, or intentionally by an agent of defendant. No affidavits were filed by the defendant city controverting any of the facts stated in plaintiff's complaint.

Defendant filed a motion for accelerated judgment on the basis that the city was immune from tort liability. This position was based on PA 1964, No 170, § 7 (MCLA § 691.1407 [Stat Ann 1969 Rev § 3.996 (107)]). Section 7 states:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said governmental agency is engaged in the exercise and discharge of a governmental function."

The circuit court of Saginaw county considered defendant's motion as one for summary judgment and entered an order granting it.

Plaintiff appeals the granting of defendant's motion.

The parties to this suit unfortunately did not have at their disposal our decision of *Maki* v. *City of East*

*Tawas* (1969), 18 Mich App 109, when they filed their briefs in this case. *Maki* discussed the precise issues raised in this appeal on the same § 7. We determined in *Maki* that the reference in § 7 to torts generally was impermissibly broad. We further determined that it would be unwise to construe the "tort" in the enactment to mean the "negligence" found in the title. Our conclusion was that § 7 is therefore, unconstitutional. This appeal does not present issues which call for a discussion beyond what was stated in *Maki*.

Defendant city additionally relies on certain common-law principles allegedly neither abrogated nor compromised by *Maki* or *Williams* v. *City of Detroit* (1961), 364 Mich 231. Not only were these principles not raised before the circuit judge and thus are not properly before this court, *Artman* v. *College Heights Mobile Park, Inc.* (1969), 20 Mich App 193, but also the arguments misconstrue plaintiff's allegations, the purpose of a motion for summary judgment,[1] and the concept of discretion. For these reasons we do not presently consider them.

The issues of fact raised in the pleadings require determination on the merits.

The order granting summary judgment in favor of defendant is set aside and the cause remanded to the trial court for further proceedings.

No costs, the construction of a statute being involved.

---

[1] A motoin for summary judgment does not attack the competency of the evidence. Rather, it assumes the existence of the evidence while denying that it sets forth a valid cause of action. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 358–361.