KING ARTHUR'S COURT v BADGLEY

OPINION OF THE COURT

1. LICENSES—STATUTES—RESIDENTIAL BUILDERS ACT—TRAILER PARKS.
   The residential builders act is applicable to the construction of trailer parks since a trailer park is residential property within the purview of the act and a builder who constructs a trailer park must be licensed under the act (MCLA 338.1501 *et seq.*).

2. LICENSES—RESIDENTIAL BUILDERS—UNLICENSED BUILDER—STATUTES —RECOVERY.
   The residential builders act requiring that residential builders be licensed does not bar an action by an unlicensed builder on a contract entered into and partly performed prior to the date for which the act required a license (MCLA 338.1501, 338.1516).

CONCURRENCE BY HOLBROOK, J.

3. LICENSES—RESIDENTIAL BUILDERS—UNLICENSED BUILDER—QUANTUM MERUIT—STATUTES.
   *A residential builder who was licensed under the residential builders act after he had partially performed on a building contract may attempt to prevail on a quantum meruit basis for labor and materials furnished after he was licensed under the statute (MCLA 338.1501 et seq.)*

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 March 7, 1973, at Lansing. (Docket No. 13087.) Decided May 23, 1973.

Complaint by King Arthur's Court against Kenneth C. Badgley seeking to discharge a mechanic's lien. Counterclaim by defendant for the amount claimed under the lien. Summary judgments for

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Licenses and Permits § 5 *et seq.*
[2, 3] 51 Am Jur 2d, Licenses and Permits § 63 *et seq.*

plaintiff on its complaint pursuant to a stipulation by the parties and on defendant's counterclaim. Defendant appeals. Reversed and remanded.

*Green & Maples,* for plaintiff.

*Doyle, Smith & Whitmer* (by *James G. Halverson),* for defendant.

Before: DANHOF, P. J., and HOLBROOK and BASHARA, JJ.

DANHOF, P. J. Plaintiff as the owner, operator and developer of a trailer park entered into an oral contract with the defendant for the construction of said trailer park. The exact date of the contract is uncertain, although it appears clear from the record that formal construction of the park began in September of 1966 and progressed on a more or less continuous basis into June of 1969. Defendant was paid monies from time to time throughout this period. Defendant claims, however, that there is yet due and owing from plaintiff the amount of $47,352.63. Although plaintiff denies that it is indebted to defendant in that exact amount, it admits that there remain unpaid amounts yet to be determined.

On September 15, 1969 defendant recorded a statement of account and lien pertaining to the work done on plaintiff's trailer park and the unpaid balance in relation thereto. Plaintiff countered with the present action in the Circuit Court of Clinton County seeking to discharge the mechanic's lien. Defendant filed his answer and counterclaim for the amount claimed under the lien. Pursuant to a stipulation by the parties, the court by summary judgment discharged the lien because of defendant's failure to record the lien within 90

days from the date on which the last labor was performed. MCLA 570.5; MSA 26.285.

There remained for resolution defendant's counterclaim for monies unpaid on the contract. On September 24, 1971 plaintiff filed an amended motion for summary judgment alleging that the counterclaim was barred because defendant was not at all times during the performance of the contract a licensed residential builder, or a licensed residential maintenance or alteration contractor. MCLA 338.1516; MSA 18.86(116). It is clear from the record that defendant was not a licensed residential maintenance and alteration contractor until December 27, 1968. Parenthetically, it was plaintiff who wrote a letter of recommendation supporting the granting to defendant of that license and attesting to the quality of defendant's work and personal integrity.

Plaintiff's motion came on for a hearing, at the conclusion of which the court rendered its opinion. With great reluctance, but believing itself bound by this Court's decision in *Artman v College Heights Mobile Park, Inc,* 20 Mich App 193 (1969), the trial court granted plaintiff's motion for summary judgment on defendant's counterclaim.

In the *Artman* case, the issue of the applicability of the residential builders act, MCLA 338.1501 *et seq.;* MSA 18.86(101) *et seq.,* to the construction of trailer parks was not raised in the lower court and therefore did not have to be decided. Nevertheless, this Court held that both the Michigan Trailer Coach Park Act, MCLA 125.1001 *et seq.;* MSA 5.278(31) *et seq.,* and the residential builders act were applicable since a trailer park was residential property within the purview of the residential builders act. This Court in *Artman* affirmed summary judgment against the plaintiff because

he was not licensed as required by the residential builders act.

Were this a case of first impression, we would have great doubts in finding an owner-developer of a trailer park within the class meant to be protected by the residential builders act. A blanket application of the act to the trailer park situation still leaves the manufacturers of mobile homes themselves with no requirement to be licensed under the act. In contrast, the manufacturers of prefabricated residential structures clearly fall within the definition of "residential builder" in MCLA 338.1502(b); MSA 18.86(102)(b). The absence of any reference to mobile homes or their manufacturers is at least some indication to us that the Legislature did not intend that the licensing requirements of the act extend to the trailer park context.

Furthermore, we must assume for the sake of discussion that plaintiff's only defense to defendant's counterclaim is defendant's failure to be licensed. However, it is at least arguable that, if the act applies, plaintiff as owner-developer of the park was also required under the act to be licensed. A recent decision of this Court in *Brummel v Whelpley*, 46 Mich App 93 (1973), held that an owner-subdivider could not maintain an action for specific performance on a contract because he was not licensed under the act, notwithstanding the fact that the owner-subdivider hired a licensed builder to construct the house which the defaulting purchaser had agreed to buy. In the instant case, had plaintiff been licensed, defendant would have been exempt by MCLA 338.1503(d); MSA 18.86(103)(d) from the act.

Nevertheless, for the sake of predictability and in spite of our misgivings, we choose to follow

*Artman.* But that does not end our inquiry. The failure of defendant to comply with licensing requirements of the act is a valid defense if the contract was made on or after September 1, 1966. In *Weaver v Haney,* 32 Mich App 424 (1971), this Court held that the statute did not bar an action by an unlicensed builder on a contract entered into and partly performed prior to the date for which the act required a license.

We find, therefore, that summary judgment under GCR 1963, 117.2(1) was improper because the legal issue of whether or not the residential builders act barred defendant's counterclaim depended upon a factual question never resolved.

"The test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. In a case such as the one now before us, where the resolution of the legal issue may depend greatly upon the factual context, summary judgment on the pleadings is never proper." *Crowther v Ross Chemical Co,* 42 Mich App 426, 431 (1972).

Upon remand, if the court determines that the parties are in dispute regarding the date of the contract, the case should go to trial.

An issue concerning the possibility of recovery by the defendant in *quantum meruit* for the reasonable value of labor and materials furnished to plaintiff after December 27, 1968, when defendant became licensed under the act, was raised for the first time on oral argument. It was therefore not properly before us and we express no opinion as to whether such recovery would be valid.

Reversed and remanded. Costs to abide the final outcome.

BASHARA, J., concurred.

HOLBROOK, J. *(concurring)*. This writer is in complete accord with everything stated in the majority opinion written by my brother Judge DANHOF.

The question arose on oral argument by defendant concerning the fact that certain labor and materials were furnished by defendant after he qualified under the residential builders act, MCLA 338.1501 *et seq.;* MSA 18.86(101) *et seq.* It is true that defendant has not claimed in the pleadings his right to recover on a *quantum meruit* basis for the labor and materials furnished after he was licensed under the statute. *Stoneleigh Homes, Inc v Jerome Building Co,* 31 Mich App 542 (1971).

In view of the possibility that defendant may desire to amend his pleadings after remand to the trial court and attempt to prevail on a *quantum meruit* basis this concurring opinion has been written.