PEOPLE v SAMUEL LEE

PEOPLE v BILLIE LEE

1. STATUTES—STATUTORY CONSTRUCTION—COMMON TERMS—ORDINARY
    SENSE—RESIDENTIAL STRUCTURE—DRIVEWAY.

    A common term, when used .in a statute without further defini-
    tion, is viewed in its ordinary sense; therefore where a statute
    used the term "residential structure" without further defining
    it, that term does not include a driveway because a driveway is
    not a "structure" used as a "residence" (MCLA 338.1502[c];
    MSA 18.86[102] [c]).

2. STATUTES—LICENSES—STATUTORY CONSTRUCTION—RESIDENTIAL
    STRUCTURE—DRIVEWAYS.

    A legislative intent that buildings not used for residences and
    driveways not be included in the term "residential structure" is
    apparent where a statutory provision requires licenses of those
    who build and maintain residential structures and garages and
    lay concrete (MCLA 338.1502[c]; MSA 18.86[102] [c]).

3. STATUTES—STATUTORY CONSTRUCTION—EXCLUSIONS—RESIDENTIAL
    CONTRACTORS—LICENSES—CONCRETE—ASPHALT.

    Michigan recognizes the principle of *expressio unius est exclusio
    alterious,* that the express mention in a statute of one thing
    implies the exclusion of other similar things; therefore, a
    statute which specifically refers to the laying of concrete by a
    residential contractor and requires a license therefor excludes a
    requirement for the licensing of a contractor who lays asphalt
    (MCLA 388.1502[c]; MSA 18.86[102] [c]).

4. STATUTES—LICENSES—CONTRACTORS—RESIDENTIAL CONTRACTORS—
    ASPHALT.

    A party engaged in the laying of asphalt in a residential drive-
    way prior to August 1, 1974, was not put on notice by a statute
    that he was a residential maintenance and alteration contrac-

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 73 Am Jur 2d, Statutes § 204 *et seq.*
[5] 21 Am Jur 2d, Criminal Law § 533.
    73 Am Jur 2d, Statutes § 11.

tor for the purposes of the statute and required to obtain a
license in order to avoid criminal prosecution (MCLA 338.1502,
338.1504[3]; MSA 18.86[102], 18.86[104] [3]).

5. CRIMINAL LAW—STATUTES—PUNISHMENT.

A person can not be punished for doing an act unless it clearly
appears the act sought to be punished comes clearly within
both the spirit and letter of the law prohibiting it.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted October 14, 1975, at Lansing. (Docket No. 21116.) Decided December 3, 1975.

Samuel Lee and Billie Lee were charged with acting in the capacity of a residential builder or maintenance and alteration contractor without having a license. The complaint and warrant were quashed in district court and that ruling was upheld by the circuit court. The people's application for leave to appeal was denied by the Court of Appeals. The Supreme Court *sua sponte* remanded to the Court of Appeals for consideration as on leave granted, 393 Mich 819 (1975). Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *James F. Carr,* Assistant Prosecuting Attorney, for the people.

*Leitson, Dean, Dean, Segar & Hart, P. C.,* for defendants.

Before: McGREGOR, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

M. J. KELLY, J. A complaint and warrant were issued against defendants on August 24, 1973, charging them with acting in the capacity of a residential builder or maintenance and alteration

contractor without having a license as required by MCLA 338.1501, *et seq.;* MSA 18.86(101), *et seq.* The complaint and warrant were quashed in district court. The prosecutor appealed, and the ruling was upheld in circuit court. Plaintiff's application for leave to appeal was denied by this Court. Subsequently the Supreme Court ordered this case remanded to the Court of Appeals for consideration as on leave granted. 393 Mich 819 (1975).

The defendants were involved in laying asphalt in the repair of a driveway of a home. The question for us to determine is whether one engaged in laying asphalt on residential property is a residential maintenance and alteration contractor within the meaning of the statute.

MCLA 338.1501; MSA 18.86(101) provides:

"In order to safeguard and protect home owners and persons undertaking to become home owners, it shall be unlawful * * * for any person to engage in the business or to act in the capacity of a residential builder or a residential maintenance and alteration contractor and/ or salesman in this state without having a license therefor, unless such person is particularly exempted as provided in this act."

MCLA 338.1502(c); MSA 18.86(102)(c) defines "residential maintenance and alteration contractor" as:

" * * * any person who, for a fixed sum, price, fee, percentage, valuable consideration or other compensation, other than wages, undertakes with another for the repair, alteration or any addition to, subtraction from, improvement of, movement of, wrecking of or demolition of a residential structure or combination of residential and commercial structure, or building of a garage, or laying of concrete on residential property, except for his own use and occupancy."

In order to come within the terms of the statute, the laying of asphalt must constitute either the repair, alteration, addition to or improvement of a residential *structure,* or the laying of concrete on residential property.

At the time the complaint and warrant were issued in this cause, the statute did not contain a definition of a residential structure.[1] When the Legislature employs a common term without further definition, the court looks to the ordinary sense of the word. *People v Smith,* 246 Mich 393; 224 NW 402 (1929).

In *C K Eddy & Sons v Tierney,* 276 Mich 333, 341; 267 NW 852 (1936), the Court adopted the following definition of structure:

"In the broadest sense a structure is any production or piece of work artificially built up or composed of parts joined together in some definite manner; any construction."

The word, structure, however, is modified in the statute by the adjective "residential". Residential is defined as used, serving or designed as a residence or for occupation by residents. Webster's Third New International Dictionary, p 1931. Clearly a driveway is not a residential structure as so defined.

In addition to residential structures, the statute makes provision for the licensing of those who build a garage or lay concrete. The latter two categories evidence a legislative intent that build-

[1] MCLA 338.1502(f); MSA 18.86(102)(f), was added by amendment effective August 1, 1974, and states:

"'Residential structure' includes, but is not limited to, premises used or intended to be used for residence purposes and related facilities appurtenant thereto, used or intended to be used, as an adjunct of residential occupancy."

ings not used for residence and driveways not be included in the term "residential structure".

Next we consider whether the laying of concrete includes the laying of asphalt within the statute.

In *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), the court discussed the applicable rule of statutory construction.

"Michigan has recognized the principal of *expressio unius est exclusio alterious*—express mention in a statute of one thing implies the exclusion of other similar things. *Dave's Place Inc v Liquor Control Commission,* 277 Mich 551; 269 NW 594, (1936), *Sebewaing Industries, Inc v Sebewaing,* 337 Mich 530; 60 NW2d 444 (1953)."

In applying that rule to the case at bar, we conclude that the Legislature, by specifying that the laying of concrete be included within the statute, expressly excluded the laying of asphalt.

We so conclude despite the decision to the contrary found in *Artman v College Heights Mobile Park,* 20 Mich App 193; 173 NW2d 833 (1969). The remedial portion of the residential builder's act was at issue in *Artman, supra.* Applying the rule of liberal construction, another panel of this Court found that a contractor, laying asphalt on a proposed trailer park, who was not licensed under the residential builder's act, was under a disability to sue. The court stated that, although plaintiff was laying asphalt and not concrete, it was obvious that "asphalt may be used instead of, or in addition to, concrete. *The rights of consumers* will not be allowed to revolve around the mere fortuitous use of the word 'asphalt' as opposed to 'concrete'." *Artman, supra,* 20 Mich App at 197. The *Artman* Court, in effect, corrected a legislative oversight. Since we cannot distinguish the cases other than

to observe that *Artman* is a civil case and this is a criminal case, we respectfully decline to follow the *Artman* reasoning.

We hold that prior to the August 1, 1974 amendment, one who was engaged in the laying of asphalt was not put on notice by MCLA 338.1502; MSA 18.86(102), that he was a residential maintenance and alteration contractor for the purpose of the act. He could not therefore be required to go to MCLA 338.1504(3); MSA 18.86(104)(3), and apply for a license to avoid criminal prosecution. Rather, as stated in *People v Kirstein,* 6 Mich App 107, 114; 148 NW2d 539 (1967), quoting *People v Goulding,* 275 Mich 353, 359; 266 NW 378 (1936):

"It is a well-settled rule of law that no one can be punished for doing an act unless it clearly appears the act sought to be punished comes clearly within both the spirit and letter of the law prohibiting it.

\*   \*   \*

"Defendant ought not to be convicted unless he is clearly and unequivocally within the language of a statute which by its terms covers his case."

Affirmed.

Judge D. E. HOLBROOK, JR. concurred in result only.