WEAVER v. HANEY

1. Licenses—Residential Builders—Unlicensed Builder—Statutes—Recovery.

Unlicensed residential builder was not barred from recovering balance due on home construction contract where he entered into the contract and partly performed under the contract before the effective date of statute requiring the licensing of residential builders and completed the home after the operational date of the statute (MCLA §§ 338.1501, 338.1516).

2. Statutes—Effective Date—Operational Date.

A statute passed to take effect at a future day is to be understood as speaking from the time it goes into operation, and not from the time of its passage.

Appeal from Lapeer, James P. Churchill, J. Submitted Division 2 April 7, 1971, at Lansing. (Docket No. 7425.) Decided April 20, 1971.

Complaint by Ernest P. Weaver against Merle Bennett Haney and Ruth J. Haney for balance due on contract. Defendants' motion for accelerated judgment denied. Defendants appeal. Affirmed and remanded for trial.

References for Points in Headnotes

[1] 51 Am Jur 2d, Licenses and Permits §§ 63–69.

Failure of artisan or construction contractor to procure occupational or business license or permit as affecting validity or enforceability of contract. 82 ALR2d 1429.

[2] 50 Am Jur, Statutes § 500.

*Morrice & Lengemann,* for plaintiff.

*Taylor & Patterson,* for defendants.

Before: QUINN, P. J., and R. B. BURNS and McGREGOR, JJ.

QUINN, P. J. On or about July 25, 1966, plaintiff, an unlicensed residential builder, and defendants entered into a written contract for the construction of a house by plaintiff for defendants on premises owned by them. Claiming an unpaid balance due on this contract, plaintiff filed this action to recover that balance and consequential damages. Defendants filed their answer which included an affirmative defense that the provisions of MCLA § 338.1516 (Stat Ann 1970 Cum Supp § 18.86[116]) estopped plaintiff from bringing this action. Thereafter defendants moved for accelerated judgment pursuant to GCR 1963, 116.1(5) on the basis of the same statute. This motion was denied after the trial court determined that the statute did not apply on the facts of this case. Defendants appeal from that denial.

The contract of July 25, 1966 called for construction to commence August 1, 1966, with a completion date of January 1, 1967. PA 1965, No 383, of which the statute cited above is a part, was signed into law with immediate effect August 18, 1965. However, by PA 1966, No 12, immediately effective March 30, 1966, MCLA § 338.1501 (Stat Ann 1971 Cum Supp § 18.86[101]), the provisions of act 383 pertinent to this decision became effective September 1, 1966.

MCLA § 338.1501 reads:

"In order to safeguard and protect homeowners and persons undertaking to become homeowners, it

shall be unlawful on and after September 1, 1966, for any person to engage in the business of or to act in the capacity of a residential builder or a residential maintenance and alteration contractor and/or salesman in this state without having a license therefor, unless such person is particularly exempted as provided in this act."

After providing a criminal penalty for violation of the act, MCLA § 338.1516 reads:

"No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract *for which a license is required by this act* without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract." (Emphasis supplied.)

The narrow question presented for our decision is whether this statute bars an action by an unlicensed builder on a contract entered into and partly performed prior to the date that the builder had to be licensed but completed thereafter.

Relying on *Alexander* v. *Neal* (1961), 364 Mich 485, *Bilt-More Homes, Inc.* v. *French* (1964), 373 Mich 693, *Tracer* v. *Bushre* (1968), 381 Mich 282, and *Chilson* v. *Clevenger* (1968), 12 Mich App 56, defendants argue that it is established, "residential builders cannot either bring or, having brought, maintain any action in any court of this state without proving themselves duly licensed at all times during the performance". We do not question that these cases establish the principle quoted; however, none of them is the case before us. Here the contract was made and some work was performed thereunder prior to the operational date of the licensing statute.

In the cases relied on by defendants, the contract was made or the work was performed at a time when the statute required the builder to be licensed.

On the strength of *Osborn* v. *Charlevoix Circuit Judge* (1897), 114 Mich 655, defendants contend that the effective date of act 383 was August 18, 1965, and that it applies to the contract of July 25, 1966. *Osborn* did not involve a contract and did not present a question of impairment of contract which is presented in the case before us if defendants' contention is correct.

A statute passed to take effect at a future day is to be understood as speaking from the time it goes into operation, and not from the time of its passage, *Price* v. *Hopkin* (1865), 13 Mich 318. Recognition of this principle is implicit in the language "for which a license is required by this act" found in MCLA § 338.1516, *supra.*

Affirmed with costs to plaintiff and remanded for trial.

All concurred.