BRUMMEL v WHELPLEY

1. LICENSES—CONTRACTORS—RESIDENTIAL BUILDERS.

The statute requiring the licensing of anyone engaged in the business of or acting in the capacity of a residential builder applies to a licensed real estate broker who is the owner of a lot and who contracts with a purchaser to have a home built on the lot for the purchaser (MCLA 338.1501 *et seq.).*

2. LICENSES—CONTRACTS—VALIDITY.

A contract made in violation of a police statute enacted for the public good is void and there can be no recovery thereon; therefore it was error to deny the defendant's motion for partial summary judgment on the ground that the plaintiff had failed to state a claim for which relief could be granted where the action was for specific performance of or, in the alternative, damages under a contract to perform an activity for which a license was required by law and where the plaintiff failed to allege in his complaint that he had such a license.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 March 8, 1973, at Grand Rapids. (Docket No. 14614.) Decided March 29, 1973.

Complaint by James N. Brummel against Max Whelpley and Jean Whelpley for specific performance of a sales contract or for damages for breach of contract. Defendants counterclaimed for damages and breach of contract. Defendant's motion for partial summary judgment denied. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 20.
[2] 51 Am Jur 2d, Limitation of Actions § 29.

*Joseph C. Legatz,* for plaintiff.

*Parmenter, Forsythe & Rude* (by *Steven G. Schember),* for defendant.

Before: R. B. Burns, P. J., and T. M. Burns and Peterson,* JJ.

R. B. Burns, P. J. Plaintiff and defendant entered into an agreement for the sale of a lot and a house to be built on the lot for $23,300. After completion of the house a dispute arose between the parties over the workmanship of the house and defendants refused to complete the transaction and pay plaintiff the balance owing on the house.

Plaintiff filed suit for specific performance of the contract, or in the alternative for damages. Defendants counterclaimed seeking damages for the delay in completion of the contract and repair of the faulty construction.

Prior to trial defendants moved for a partial summary judgment on the ground that the plaintiff had failed to state a claim for which relief could be granted since the plaintiff had not alleged in his complaint that he was licensed under MCLA 338.1501 *et seq.;* MSA 18.86(101) *et seq.,* which provides for the licensing of residential builders. The motion was denied.

The title to 1965 PA 383 provides in part:

"An act to provide for the licensing and rights of any person to engage in business as a residential builder or residential maintenance and alteration contractor or salesman; * * * ."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Definitions under the act are:

"(a) 'Persons' means any individual, firm, partnership, association, copartnership, corporation, common law trusts, or other organization or any combination thereof.

"(b) 'Residential builder' means any person engaged in the construction of residential structures or a combination of residential and commercial structures who, for a fixed sum, price, fee, percentage, valuable consideration or other compensation, other than wages, undertakes with another or offers to undertake or purports to have the capacity to undertake with another for the erection, construction, replacement, repair, alteration or any addition to, subtraction from, improvement, movement of, wrecking of or demolition of, a residential structure or combination of residential and commercial structure, * * * ." MCLA 338.1502; MSA 18.86(102).

Plaintiff is a licensed real estate broker and was the owner of the lot in question. The defendants contacted plaintiff to buy a home in the Grand Haven area. Plaintiff showed several houses to the defendants and they were impressed with one house. However, negotiations were under way for the sale of that house. Plaintiff told the defendants that he owned the adjacent lot and that he would sell them the lot and build a house on it. The parties signed the agreement whereby plaintiff agreed to sell Lot 314 Holcomb Hills Subdivision #2 and to build a house according to plans and builder's material list attached. Defendants paid $500 down to bind the agreement.

Plaintiff hired a licensed builder to construct the house.

There are no Michigan cases which discuss this particular issue. In dealing with a similar statute, the Court of Appeals of Arizona in *Miller v Pima County Superior Court,* 8 Ariz App 420, 422; 446

P2d 699, 701 (1968), made the following observation:

"We are of the opinion that under the facts of this case, the owner-subdivider comes within the definition of 'contractor' set forth above. The contract does not purport to include 'the performance of acts by a licensed contractor.' The 'undertaking' as to construction of the condominium villa was the subdivider's, i.e., he was the only one to whom the buyer, under the contract, could look for performance."

In the present case the plaintiff was the only person to whom the defendants could look for performance.

Also, the statute exempts several persons from complying with the statute. The plaintiff is not exempted.

This statute has been construed by the Michigan Supreme Court. Justice TALBOT SMITH in *Alexander v Neal,* 364 Mich 485, 487 (1961), quoted from *F S Bowen Electric Co, Inc v Foley,* 194 Va 92, 100; 72 SE2d 388, 393 (1952), as follows:

"[A] contract made in violation of a police statute enacted for public protection is *void* and there can be no recovery thereon." (Emphasis supplied.)

The contract in the present case is *void* and unenforceable. The parties are in their same respective positions as before they entered into the void contract. The trial judge should have granted defendants' motion for a partial summary judgment.

Reversed and remanded for proceedings consistent with this opinion. Costs to defendants.

All concurred.