ROBERT H PASTOR BUILDING & DEVELOPMENT COMPANY v
COLE

Docket No. 65572. Submitted March 15, 1983, at Detroit.—Decided
July 11, 1983. Leave to appeal applied for.

Robert H. Pastor Building and Real Estate Development Company brought an action against Dollie A. Cole, alleging that Cole breached an oral agreement regarding the subdivision, development and sale of land for residential building sites. Defendant Cole raised as a defense that plaintiff lacked the capacity to sue because it did not possess a valid residential builder's license. Defendant also filed a third-party claim against Robert H. Pastor, the president and sole stockholder of the plaintiff, alleging several bases for damages. The Oakland Circuit Court, George LaPlata, J., granted summary judgment in favor of Cole as to the plaintiff, finding that because plaintiff was unlicensed the alleged oral contract was void and unenforceable. Plaintiff appeals. *Held:*

The joint venture was the developer and should have been licensed. Had it been licensed, the plaintiff would have been exempted from the licensing requirement by the provisions of the residential builder's licensing act. Therefore, insofar as its action is one for compensation based upon its performance in furtherance of the joint venture it may maintain the action.

Reversed and remanded.

1. LICENSES — RESIDENTIAL BUILDERS.

A residential building, maintenance or alteration contractor who has not obtained a license is precluded from bringing an action to recover on a residential building or alteration contract even where the contract has been complied with in all respects (MCL

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur 2d, Building and Construction Contracts § 130.

Failure of artisan or construction contractor to comply with statute or regulation requiring a work permit or submission of plans as affecting his right to recover compensation from contractee. 26 ALR3d 1395.

[2] 46 Am Jur 2d, Joint Ventures § 13.

338.1516; MSA 18.86[116], now MCL 339.2412; MSA 18.425[2412]).

2. Licenses — Residential Builders — Joint Venture.

A party to a joint venture, formed in order to subdivide and develop land for sale as residential building sites, is exempted from the requirements of the residential builder's licensing act if the joint venture itself is licensed and therefore, even if he does not have a valid builder's license, may pursue an action against the other party to the joint venture for recovery of compensation for performance in furtherance of the joint venture (MCL 338.1503[d]; MSA 18.86[103][d]).

*Maddin, Weiner, Hauser, Wartell & Roth* (by *Barry A. Steinway*), for plaintiff.

*Bushnell, Gage, Doctoroff & Reizen* (by *Noel A. Gage* and *Eugene H. Beach, Jr.*), for defendant.

Before: T. M. Burns, P.J., and Cynar and P. J. Marutiak,* JJ.

Cynar, J. The lower court granted a summary judgment pursuant to GCR 1963, 117.2, subds (1) and (3) in favor of defendant Dollie Cole against plaintiff Robert H. Pastor Building and Real Estate Development Company. Summary judgment was granted based upon plaintiff's failure to possess a valid residential builder's license as provided under the residential builder's act. MCL 338.1501 *et seq.;* MSA 18.86(101) *et seq.* Plaintiff appeals as of right from this judgment.

The sole question is whether plaintiff needed to be licensed under the circumstances of this case in order to prosecute this action against defendant.

Plaintiff filed a complaint seeking specific performance or, in the alternative, damages for the breach of an oral agreement entered into with defendant. The complaint alleged that Robert H.

* Circuit judge, sitting on the Court of Appeals by assignment.

Pastor was the sole stockholder and president of plaintiff company. The complaint further alleged that about March, 1978, Pastor and defendant met "to consider and negotiate an agreement for acquisition of a parcel of real estate known to plaintiff, and to agree upon the terms of acquisition and a joint agreement for such acquisition, platting, development, marketing and distribution of anticipated profits". Paragraph 6 of the complaint asserts:

"As a result of said meeting * * * an oral agreement was reached by and between plaintiff and defendant whereby plaintiff would purchase the real estate described in Exhibit A, * * *. Plaintiff would utilize its expertise to improve, develop, plat and market the land described in Exhibit A with the exception of one (1) lot containing an existing residential home to be retained by defendant, and the net proceeds of sale would be divided equally between plaintiff and defendant."

Plaintiff alleges that in the initial stages of the development of the subject real estate defendant notified plaintiff of her intention to disregard the oral agreement. Plaintiff alternatively sought specific performance of the agreement or monetary damages in excess of $50,000.

Defendant filed a motion for accelerated or summary judgment arguing, in part, that plaintiff lacked the capacity to sue because of its failure to obtain a license as required by the residential builder's act. This motion was denied. Defendant then raised this issue as an affirmative defense, interposing also the statute of frauds, the rule against perpetuities, estoppel and lack of clean hands, unconscionability, fraud and undue influence. Thereafter, defendant filed a third-party

complaint, seeking damages against Robert H. Pastor individually. The third-party complaint alleged a breach of fiduciary relationship, fraud, intentional infliction of emotional distress and invasion of privacy.

This case was assigned to a new judge upon the death of the original judge. A jury trial was commenced, and plaintiff presented the testimony of Robert H. Pastor. At the close of the second day of trial, defendant renewed her motion for summary judgment, noting that Pastor had testified that at no time during the transaction in question had plaintiff company ever possessed a builder's license. The trial judge, believing himself to be bound by the prior judge's denial of the motion for summary judgment, indicated that the issue would more properly be resolved by a motion for directed verdict at the conclusion of plaintiff's proofs. At the conclusion of Pastor's testimony, however, the trial judge granted summary judgment to defendant. The judge held that the statute requiring the licensing of residential builders was applicable and that it precluded plaintiff from maintaining suit against defendant. The trial court issued a written opinion, finding that the plaintiff company was unlicensed and was subdividing land for purposes of future construction of homes for a profit and that, therefore, the alleged oral contract was void and unenforceable.

The residential builder's act, MCL 338.1501 *et seq.;* MSA 18.86(101) *et seq.* (subsequently repealed and replaced by MCL 339.2401 *et seq.;* MSA 18.425[2401] *et seq.),* provided that a person engaged in business as a residential builder or residential maintenance and alteration contractor or salesman must obtain a license, unless particularly exempted by the act.

"No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this act without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract * * *." MCL 338.1516; MSA 18.86(116).

The effect of this provision is to preclude noncomplying contractors from recovering on their residential building or alteration contracts even where the contract has been complied with in all respects, thereby in some instances bestowing a substantial windfall to the party claiming the defense. *Bernard F Hoste, Inc v Kortz*, 117 Mich App 448, 451; 324 NW2d 46 (1982). The courts of this state have consistently upheld this harsh penalty for noncompliance with the residential builder's act. See, *e.g., Alexander v Neal*, 364 Mich 485; 110 NW2d 797 (1961); *Green v Ingersoll*, 89 Mich App 228; 280 NW2d 496 (1979); *King Arthur's Court v Bedgley*, 47 Mich App 222; 209 NW2d 488 (1973).

The cases construing the residential builder's act are difficult to follow. A review of some of those cases will be helpful.

"[T]he important criterion for coverage by the statute is not the existence or type of structure, but rather the nature of its occupancy." *Artman v College Heights Mobile Park, Inc*, 20 Mich App 193, 199; 173 NW2d 833 (1969). For example, a trailer park is residential property under the residential builder's act.

In *Brummel v Whelpley*, 46 Mich App 93; 207 NW2d 399 (1973), the plaintiff was a licensed real estate broker who owned an undeveloped lot. He

negotiated to sell the lot and to build a home on the lot for the defendants. Although the plaintiff was not a licensed builder, he did hire a licensed builder to construct the house. When the defendants refused to pay the balance owing on the house, the plaintiff sued for specific performance of the contract or, in the alternative, for damages. The defendant moved for a summary judgment, contending that the plaintiff was not a licensed residential builder as required under MCL 338.1501 *et seq.;* MSA 18.86(101) *et seq.* In reaching its holding, the Court observed that the plaintiff was the only person to whom the defendants could look for performance. The contract was, therefore, void and unenforceable. *Brummel, supra,* p 96.

In *King Arthur's Court, supra,* the plaintiff as the owner, operator and developer of a trailer park entered into an agreement with the defendant for the construction of the trailer park. The plaintiff brought an action to discharge a mechanics' lien imposed by the defendant. The defendant, an unlicensed residential builder, counterclaimed for amounts claimed under the lien. This Court, following *Artman,* held the residential builder's act to be applicable to the construction of trailer parks. The Court reluctantly ruled that the defendant's failure to comply with the requirements of the act was a valid defense if the contract was made after the effective date of the act. *King Arthur's Court, supra,* p 266.

In *Reynolds v College Park Corp,* 63 Mich App 325; 234 NW2d 507 (1975), *lv den* 395 Mich 823 (1975), the plaintiff and several other individuals entered into a joint venture to develop a mobile home park, which resulted in College Park Corporation. The plaintiff, a stockholder and director of

the defendant corporation, disposed of his interest therein and brought suit for compensation from the defendant for his labor and services in the construction and development of the mobile home sites. The plaintiff prevailed although defendant raised the defense that the plaintiff lacked a residential builder's license.

"As the Supreme Court stated in *Tracer v Bushre*, 381 Mich 282, 290; 160 NW2d 898 (1968): 'The residential builders law is essentially a consumer protection measure.' " *Reynolds, supra*, p 329.

In *Reynolds*, the Court differentiated its decision from *Brummel* by observing that in *Reynolds* the person required by the act to be licensed was the defendant and not the plaintiff because the definition of residential builder better fit the defendant developer of the mobile home park than the plaintiff. "Otherwise, defendant would divert the statute's thrust of consumer protection and use it as a shield against worthy, nonconsumer claims." *Reynolds, supra*, p 330.

The rule of *Reynolds* was not modified by *Charles Featherly Construction Co v Property Development Group, Inc*, 400 Mich 198; 253 NW2d 643 (1977). In *Featherly*, the plaintiff built condominiums for which full payment was not made. The defendants owned or participated in financing the condominium development. Plaintiff's principal argument was that the licensing act was designed to protect individual homeowners and not owners of whole developments like the defendants. The circuit court dismissed the plaintiff's action because the plaintiff had not complied with the residential builder's licensing act. The Court of Appeals affirmed the circuit court, and the Supreme Court affirmed the Court of Appeals. The

Supreme Court distinguished *Reynolds* on its special facts. In *Reynolds,* the plaintiff was a former director and shareholder of the defendant, and the defendant was the entity properly required to have a builder's license. *Featherly, supra,* pp 206-207.

Under the facts in this case, we find *Reynolds* controlling. Although plaintiff company is engaged in the business of developing the subject land, it allegedly did so pursuant to the joint venture agreement. Assuming, as this Court must for the purpose of the summary judgment motion, that plaintiff's allegations are true, it was the joint venture which was the actual developer and which should have been licensed. Following the reasoning in *Reynolds,* if the joint venture had been licensed, plaintiff would have been exempted by the provisions of MCL 338.1503(d); MSA 18.86(103)(d) from compliance with the act. Thus, plaintiff may sue defendant if its suit is characterized as one for compensation based upon its own performance notwithstanding the fact it was not licensed.

Reversed and remanded for trial. We do not retain jurisdiction.