# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY MORTON and RAMME E.
MUFARREH,

      Plaintiffs-Appellants,

v

MAJIC WINDOW COMPANY,

      Defendant-Appellee.

UNPUBLISHED
March 19, 2015

No. 319415
Oakland Circuit Court
LC No. 2013-132112-CK

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiffs brought this action for unpaid commissions for services provided as salespersons pursuant to independent contractor agreements. Plaintiffs appeal as of right the trial court's order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

Defendant is a home improvement contractor and is subject to Article 24 of the Michigan Occupational Code, MCL 339.2401 *et seq*. Accordingly, its sales representatives are required to maintain licenses in accordance with Article 24. MCL 339.2401(b) and (d); MCL 339.2407. Plaintiffs entered into independent contractor sales agreements with defendant. Plaintiffs were not licensed salespersons, although their agreements required them to comply with "all federal, state, and local laws requiring business permits, certificates, and licenses required to carry out the services to be performed."

Plaintiffs brought this action against defendant to recover unpaid commissions allegedly due under the sales agreements. Defendant moved for summary disposition under MCR 2.116(C)(10) on the basis that plaintiffs did not hold salespersons licenses and, therefore, were barred from bringing suit pursuant to MCL 339.2412(1). The trial court agreed and granted defendant's motion for summary disposition.

Plaintiffs argue that the trial court erred in granting summary disposition to defendant. We disagree. This Court reviews de novo a trial court's decision granting summary disposition under MCR 2.116(C)(10). *McLean v Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law."

-1-

*West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We also review issues of statutory interpretation de novo. *Tienda v Integon Nat'l Ins Co*, 300 Mich App 605, 612; 834 NW2d 908 (2013) (citation omitted). This Court must interpret statutes in accordance with the Legislature's intent as expressed by the plain language of the statute. *Id*. If statutory language is clear and unambiguous, this Court must apply the statute as written. *Id*. "Courts may not speculate regarding legislative intent beyond the words expressed in a statute. Hence, nothing may be read into a statute that is not within the manifest intent of the Legislature as derived from the act itself." *Mich Ed Ass'n v Secretary of State*, 489 Mich 194, 217-218; 801 NW2d 35 (2011) (citation omitted).

MCL 339.2412(1) provides:

> A person . . . shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.

Plaintiffs do not dispute that they did not possess the required licenses. Plaintiffs assert that MCL 339.2412(1) applies only to actions brought against consumers, not corporate defendants. They argue that the purpose of the Occupational Code is to protect consumers, and that defendant, as a commercial and corporate party, should not be permitted to shield itself from legitimate claims brought by its own unlicensed sales representatives.[1]

We hold that the trial court correctly found that MCL 339.2412 bars plaintiffs' claim. In *Charles Featherly Constr Co v Prop Dev Group, Inc*, 400 Mich 198; 253 NW2d 643 (1977), the plaintiff, an unlicensed residential builder, brought an action against the defendant condominium developer for payment for construction of condominium units. *Id.* at 201. The trial court relied on the same statutory provision[2] at issue here in granting summary disposition to the defendant. *Id*. at 202. The plaintiff argued that the licensing act was intended "to protect individual

---

[1] Defendant argues that plaintiffs did not raise this specific argument in the trial court, and, thus, the issue is unpreserved. However, plaintiffs argued against the trial court granting summary disposition to defendant, and, in the interest of judicial economy, we choose to address the merits of plaintiffs' claim on appeal.

[2] The penalty provision of the residential builder's act then in effect, MCL 338.1516, provided:

> "No person engaged in the business or acting in the capacity of a residential builder . . . may bring or maintain any action in any court of this state for the collection of compensation for performance of any act or contract for which a license is required by this act without alleging and proving that he was duly licensed under the act at all times during the performance of such act or contract . . . ." *Charles Featherly Constr*, 400 Mich at 202.

homeowners, not owners of whole developments like the defendants." *Id.* at 202. Our Supreme Court rejected this argument, stating:

> This argument reverses the orientation of the act and thus renders the argument suspect. The act does not set up classes of defendants, some of whom are protected and some of whom are not. The act defines a class of plaintiffs—residential builders—and prohibits them from bringing or maintaining "any action in any court of this state" unless they have a residential builders license. The prohibition is not described as a defense that may only be asserted in certain situations. It is a penalty that divests the unlicensed builder of the power to sue. [*Id.* at 203.]

The Supreme Court affirmed summary disposition for the defendant. *Id.* at 205, 207.

The Supreme Court's decision in *Charles Featherly Constr* is controlling here. Although that case involved claims brought by a builder rather than a salesperson, it involved the same statutory provision, MCL 339.2412(1), in the context of claims against a commercial defendant. The Court held that claims were barred in such an instance, and the holding applies to the current case. Moreover, the Supreme Court's decision is consistent with our reading of MCL 339.2412(1) and conforms with the principles of statutory interpretation—that unambiguous statutory language must be applied as written and courts may not speculate that the Legislature intended anything other than what was clearly expressed in the act itself. *Tienda*, 300 Mich App at 612; *Mich Ed Ass'n*, 489 Mich at 217-218.

Plaintiffs rely on *Reynolds v College Park Corp*, 63 Mich App 325; 234 NW2d 507 (1975), decided shortly before *Charles Featherly Constr*. In *Reynolds*, the plaintiff was a stockholder and director of the defendant corporation, which participated in a joint venture to develop a mobile home park. *Id.* at 326. After disposing of his interest in the defendant corporation, the plaintiff brought suit for compensation from the defendant for his labor and services in the construction of the mobile home park. *Id.* at 326-327. The plaintiff did not hold a residential builder's license, but the trial court still awarded damages on the basis of an unjust enrichment claim. *Id.* The defendant argued on appeal that the plaintiff could not pursue a claim for unjust enrichment because he did not hold a residential builder's license pursuant to the statutory penalty provision in effect at that time. *Id.* at 327. This Court concluded that the defendant could not avail itself of MCL 338.1516, the penalty provision of the residential builder's act then in effect. *Id.* at 328. The Court noted that the purpose of the statute was "to protect the public from incompetent, inexperienced, and fly-by-night contractors." *Id.* at 329 (citation omitted). This Court concluded that the defendant, not the plaintiff, was "the person required by the act to be licensed," and that precluding the plaintiff's action "would divert the statute's thrust of consumer protection and use it as a shield against worthy, nonconsumer claims." *Id.* at 329-330.

Plaintiff's reliance on *Reynolds* is unpersuasive. First, *Reynolds* was decided before November 1, 1990, and, thus, is not binding on this Court. MCR 7.215(J)(1). Second, as the Court explained in *Charles Featherly Constr*, the holding in *Reynolds* can be distinguished by the specific factual circumstances in that case:

One other case must be mentioned. In *Reynolds v College Park Corp*, 63 Mich App 325; 234 NW2d 507 (1975), the Court of Appeals said that an unlicensed plaintiff could sue the developer of a mobile home development for the value of the labor and services the plaintiff contributed to the development's construction. However, the plaintiff was a former director and shareholder of the defendant and the defendant was the entity that was required to have a builders license. That is why the plaintiff's lawsuit was not prohibited. These special facts are not present in the case at bar. [*Charles Featherly Constr*, 400 Mich at 206-207.]

In *Reynolds*, this Court deviated from the principles of statutory construction by interpreting the statute to further the Legislature's perceived purpose. However, in *Charles Featherly Constr*, our Supreme Court distinguished the *Reynolds* Court's rationale because the defendant in *Reynolds* was the party requiring a license, and the plaintiff was the defendant's former director and shareholder. *Id.* at 206-207. Those distinguishing facts are not present in this case. Thus, we are not convinced that *Reynolds* controls in the current case, and hold that *Charles Featherly Constr* is applicable.

In sum, because plaintiffs were not licensed salespersons, they were not entitled to bring an action for unpaid commissions. MCL 339.2412(1). Therefore, the trial court did not err in granting defendant's motion for summary disposition.

Affirmed. Defendant, the prevailing party, may tax costs. MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood