*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

G & H CUSTOMS, LLC,

        Plaintiff-Appellee,

v

KERA CARTER,

        Defendant-Appellant.

UNPUBLISHED
November 26, 2019

No.  343833
Oakland Circuit Court
LC No.  2017-158397-CK

Before:  JANSEN, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order granting plaintiff's motion for entry of judgment and directing that judgment enter in favor of plaintiff in the amount of $29,000.  We reverse and remand for entry of an order granting summary disposition in favor of defendant.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The parties entered into a contract for plaintiff to repair fire and water damage to defendant's home.  Defendant was dissatisfied with plaintiff's work and terminated the contract. Plaintiff filed this breach of contract action to recover $13,580.08 that it believed it was owed. Four months later, defendant filed for bankruptcy and this action was stayed.  Plaintiff initiated an adversary proceeding in the bankruptcy court, and the bankruptcy court subsequently entered an order (the bankruptcy court order)[1] entitled "Order to Settle Case and Enter Judgment against Defendant Kera Carter and in favor of Plaintiff G & H Customs, LLC, and to Close Adversary Proceedings."  The bankruptcy court order reflected that it was entered "upon stipulation of the parties" and provided in relevant part "that judgment shall enter against Defendant Kera Carter in the amount of $29,000 if the Oakland County Circuit Court case . . . settles; or in the alternative

---

[1] See *In re Carter*, unpublished order of the United States Bankruptcy Court for the Eastern District of Michigan, entered February 14, 2018 (Docket No. 17-49794; Adversary Proceeding No. 17-04706).

$35,000 if the . . . case has to go to trial." *Id*. The bankruptcy court also lifted the stay in this case "to allow Plaintiff . . . to proceed with prosecution of its claim." *Id*.[2]

This case then was reopened, and plaintiff filed a "Motion for Entry of Judgment." The motion represented that the bankruptcy court had "signed an order . . . that settled the case and entered a judgement against Kera Carter in favor of Plaintiff, G&H Customs." It further represented that defendant had "signed a stipulation to the order and judgement."[3] And on that basis plaintiff requested that the trial court "enter the $29,000 judgement against Kera Carter and close circuit court case." Plaintiff attached the bankruptcy court order as the sole exhibit in support of its motion. Defendant filed a response arguing that plaintiff was prohibited by MCL 339.2412(1) from maintaining an action to recover compensation for residential construction work because plaintiff was not a licensed contractor.

The trial court held a hearing on plaintiff's motion. Plaintiff argued that defendant had stipulated in the bankruptcy court to the entry of a judgment of $29,000 against her, that the bankruptcy court order reflected that, and that the entry of a judgment in the trial court was necessary to allow plaintiff to collect on its judgment in the bankruptcy court and to enable a determination of whether defendant was entitled to any credit on the bankruptcy court judgment. Plaintiff did not provide proof or even contend that it was a licensed contractor; rather, it argued that MCL 339.2412(1) did not apply because plaintiff had not initiated defendant's bankruptcy action, which had resulted in the bankruptcy court order. Defendant argued in part that the bankruptcy court order was not for defendant to pay a judgment in the trial court, but merely ordered that the case pending in the trial court should proceed, and provided for a judgment to be entered in the bankruptcy court's adversary proceeding, contingent upon the outcome of post-stay proceedings in the trial court. Defendant further pointed out that plaintiff still had not, as MCL 339.2412(1) requires, represented that it was licensed. The trial court granted plaintiff's motion, stating:

---

[2] The bankruptcy court subsequently set aside its order after it concluded that defendant had "presented clear and convincing evidence that [plaintiff] engaged in fraud and misconduct that adversely affected the fairness of the proceedings," stating further that plaintiff had "obtained the consent judgment through fraud and misconduct, then used it as a sword in state court to circumvent Michigan law–-which clearly prohibits unlicensed contractors from obtaining money judgments for unpaid work." See *In re Carter*, unpublished opinion and order of the United States Bankruptcy Court for the Eastern District of Michigan, entered April 26, 2019 (Docket No. 17-49794; Adversary Proceeding Case No. 17-04706), slip op at 1, 4. Although the court's decision is not a part of the record before us, we take judicial notice of it in deciding this appeal. See MRE 201(b).

[3] We note that the documentation of the bankruptcy court order (and any related stipulation) that plaintiff provided both to the trial court and to this Court appears to be missing a page, but (and as the trial court initially noted) it in any event does not reflect a stipulation or any signature by defendant; counsel for plaintiff acknowledged to the trial court that he did not have a document reflecting a stipulation and did not know whether there was one.

The motion for – to grant – for entry of a judgment against Defendant Carter is granted, and it's granted in the amount of $29,000.

I'm satisfied that reviewing the order of the bankruptcy judge, it's clear the parties agreed by way of stipulation, and the amount specifically noted was the $29,000, and there was an alternative amount given. You – that's the Court's ruling; the motion is granted.

The court subsequently entered a judgment in favor of plaintiff in the amount of $29,000.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's determination on a motion for summary disposition. *El-Kalil v Oakwood Healthcare, Inc*, __Mich__, __; __NW2d__ (2019) (Docket No. 157846); slip op at 6. Summary disposition may be granted under MCR 2.116(C)(7) when entry of judgment is mandated by the terms of a settlement or prior judgment. "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dep't*, 309 Mich App 335, 340; 869 NW2d 645 (2015). Summary disposition under MCR 2.116(C)(8) may be granted when a plaintiff "failed to state a claim on which relief [could] be granted." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A trial court may render judgment in favor of the party opposing the motion if "it appears to the court that the opposing party, rather than the moving party, is entitled to judgment." MCR 2.116(I)(2).

Neither plaintiff nor the trial court specified the Michigan Court Rule under which plaintiff's "Motion for Entry of Judgment" was to be considered. In its proof of service, plaintiff characterized the motion as a "Motion for Entry of Default Judgment." That characterization was incorrect because defendant had not "failed to plead or otherwise defend" itself before the trial court under MCR 2.603(A)(1).

This Court "is not bound by what litigants choose to label their motions 'because this would exalt form over substance.' Rather, courts must consider the gravamen of the . . . motion based on a reading of the document as a whole." *Lieberman v Orr*, 319 Mich App 68, 77 n 4; 900 NW2d 130 (2017), quoting *Johnston v Livonia*, 177 Mich App 200, 208; 441 NW2d 41 (1989). It appears that plaintiff's motion was one for summary disposition under MCR 2.116(C)(7), because the gravamen of plaintiff's motion essentially seems to have been that the bankruptcy court order required the entry of judgment in the trial court. See *Lieberman*, 319 Mich App at 77 n 4. The trial court appears to have entered its judgment on that basis, as it stated, based on its review of the bankruptcy court order, that "it's clear the parties agreed by way of stipulation." However, as discussed later in this opinion, we conclude that the trial court erred in its conclusion; rather, we conclude that defendant was entitled to summary disposition under MCR 2.116(C)(8) and (I)(2).

We review de novo the interpretation of the language of a consent judgment or stipulated order in the same manner as a contract. *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008); *Young v Robin*, 146 Mich App 552, 557-558; 382 NW2d 182 (1985).

III. ANALYSIS

The trial court erred by granting plaintiff's motion for entry of judgment; instead, for the reasons discussed in this opinion, defendant was entitled to summary disposition.

Due to the complete lack of procedural or doctrinal labels in the trial court's reasoning and judgment, it is unclear whether the court believed it was required by the bankruptcy court order to enter judgment in favor of plaintiff, or instead treated it as a settlement agreement that resolved the case. Regardless, neither ground is sufficient to support the trial court's entry of judgment in favor of plaintiff. First, the bankruptcy court is a division of the federal district court. "Although state courts are bound by the decisions of the United States Supreme Court construing federal law, there is no similar obligation with respect to decisions of the lower federal courts." *Abela v General Motors Corp*, 469 Mich 603, 606; 677 NW2d 325 (2004) (citation omitted). The trial court therefore was not bound by the bankruptcy court order. Moreover, the bankruptcy court order did not require the trial court to do anything; it merely provided for a future judgment in the bankruptcy court as informed by later results in the trial court proceeding.

If, alternatively, the trial court viewed the bankruptcy court order as an agreement between the parties to settle plaintiff's claims against defendant by stipulating to the entry of a judgment in the trial court, the plain language of the order does not support that conclusion. The language of the order explicitly lifted the stay in the trial court so that plaintiff could "proceed with the prosecution of its claim" against defendant. Further, the order states in relevant part that (1) the parties agreed to the entry of a judgment *in the bankruptcy court*, (2) the amount of the judgment would be "$29,000 if the Oakland County Circuit Court Case . . . settles, or in the alternative $35,000 if the Oakland County Circuit Case . . . has to go to trial," and (3) plaintiff "shall not execute on its judgment until the Oakland County Circuit Court Case . . . is concluded."[4] Read as a whole, it is clear that the parties did not agree to the entry of a judgment in the trial court, but instead agreed to the entry of a judgment *in the bankruptcy court*, with the amount contingent on the outcome of future proceedings in this case in the trial court.

Yet, the trial court appears to have read the order as either requiring it to enter a judgment in the case before it, or as an agreement by the parties that a judgment should enter. Neither is a reasonable reading of the bankruptcy court order. See *Cole v Auto-Owners Ins Co*, 272 Mich App 50, 53; 723 NW2d 922 (2006) (stating contracts shall be read as a whole and their terms

---

[4] The order provided further that "If Plaintiff is made whole in damages in the Oakland County Case [against other named defendants]. . . then the judgment in this matter shall be deemed satisfied" but if plaintiff were to receive only partial recovery, that amount would be credited against the judgment against defendant in the bankruptcy court.

accorded their plain and ordinary meaning).  Further, the case before the trial court had neither "settled" nor "gone to trial;" instead, it was being actively litigated.  Consequently, because neither of the alternative circumstances contemplated in the bankruptcy order had yet transpired, there was no basis for the entry of any judgment, much less for a determination that the amount of the judgment should be the "settlement" amount ($29,000) rather than the "goes to trial" amount ($35,000).  In any event, as stated, both of the referenced amounts related to a future judgment to be entered in the *bankruptcy court*, not in the trial court.

Because it misread the bankruptcy court order, the trial court erroneously entered judgment in favor of plaintiff.  Moreover, the trial court should have credited defendant's argument that plaintiff lacked the ability to bring or maintain this action unless it "alleged and proved" that it was a licensed contractor.[5]  The Michigan Occupational Code, MCL 339.101 *et seq*., provides occupational licensing requirements for persons and entities conducting business in the state of Michigan.  MCL 339.2401(b) defines a "residential maintenance and alteration contractor" as "a person who, for . . . compensation, other than wages for personal labor only, undertakes with another for the repair . . . of a residential structure."  Plaintiff contracted with defendant to repair fire and water damages to defendant's home.  Therefore, plaintiff was a "residential maintenance and alteration contractor" under the Michigan Occupational Code.

MCL 339.2412(1) provides:

A person or qualifying officer for a corporation or member of a . . . residential maintenance and alteration contractor shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article *without alleging and proving that the person was licensed* under this article during the performance of the act or contract.  [Emphasis added.]

A defendant may raise the issue that a plaintiff lacks a license at any time during trial court proceedings.  *Reynolds v College Park Corp*, 63 Mich App 325, 327-328; 234 NW2d 507 (1975).  "Rather than establishing an affirmative defense . . . [MCL 339.2412(1)][6] appears to set prerequisites for recovery."  *Id*.  Therefore, it was not defendant's burden to prove plaintiff's lack of licensure, but rather plaintiff's burden to "allege and prove" its licensed status in order to

---

[5] As noted, the bankruptcy court ultimately credited this argument in setting aside its previous order.  See *Carter*, slip op at 4.

[6] *Reynolds* interpreted former MCL 338.1516, which was virtually identical to MCL 339.2412.  See *Reynolds*, 63 Mich App at 327-328.  It appears that the legal significance of the "without alleging and proving" language is so clear that no appellate court has deemed it necessary to interpret it in any depth since *Reynolds*.  See, e.g., *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 534; 872 NW2d 412 (2015) (merely noting that the "terms" of MCL 339.2412 *preclude* certain actions by an unlicensed builder"); *Stokes v Millen Roofing Co*, 466 Mich 660, 664; 649 NW2d 371 (2002) ("Under the statute, a builder may not bring an action for collection of compensation unless it can prove that it possesses the license 'required by this article.' ").

maintain its claim. MCL 339.2412(1). "Objection to lack of an opposing party's license would come under . . . failure to state a claim upon which relief can be granted." *Reynolds*, 63 Mich App at 327-328.; see also MCR 2.116(C)(8).

In answering plaintiff's complaint in this case, defendant asserted (albeit as an affirmative defense, rather than as a grounds for summary disposition under MCR 2.116(C)(8)) that plaintiff was unlicensed. Defendant also raised the issue in clear terms in responding to plaintiff's motion for entry of judgment. At the motion hearing, defendant's counsel argued that the plain language of MCL 339.2412(1) meant that plaintiff's action "had no business being in court in the first place." Defendant notified the court that she had contacted LARA and was told that neither plaintiff nor Earnest Lea[7] was licensed under any name. At the time of the motion hearing, defendant's counsel stated that she had requested certified copies of her record inquiry, which had not yet arrived. Defendant's counsel also stated that the bankruptcy court order "was in the process of being set aside" due to plaintiff's fraudulent concealment of its lack of licensure. As noted, the only argument that plaintiff offered at the motion hearing was that the bankruptcy court had entered its order providing for the entry of a judgment in favor of plaintiff, and that MCL 339.2412(1) did not apply because plaintiff had not initiated the bankruptcy action that had produced the bankruptcy court order; it never alleged or proved that it was a licensed contractor.

In granting judgment in favor of plaintiff, the trial court failed to apply MCL 339.2412(1), which under the undisputed circumstances of this case barred plaintiff's recovery. The trial court erred by doing so. It should have concluded, as we do now, that plaintiff was unable to maintain its action unless it proved that it was licensed. See *Stokes v Millen Roofing Co*, 466 Mich 660, 664; 649 NW2d 371 (2002) ("Under [MCL 339.2412(1)], a builder may not bring an action for collection of compensation unless it can prove that it possesses the license 'required by this article.' "). Plaintiff never alleged that it was licensed and never produced a residential maintenance and alteration contractor's license at any time during the proceedings below.

## IV. CONCLUSION

The bankruptcy court order was not a prior judgment or settlement that resolved plaintiff's claims or properly established a basis for the entry of judgment in the trial court. Rather, it provided for future alternative judgments (in the bankruptcy court) depending on the outcome of the proceedings in the trial court. Further, plaintiff failed to state a claim on which relief could be granted when it failed to "alleg[e] and prov[e]" that it was a licensed contractor under MCL 339.2412(1), and defendant accordingly was entitled to summary disposition under MCR 2.116(C)(8) and (I)(2).

---

[7] Ernest Lea is the owner of plaintiff. No other members or employees of plaintiff were identified in the proceedings below.

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra
/s/ Anica Letica